TEMPLETON, Respondent, vs. TEMPLETON, Appellant.

*November 17—December 15, 1948.*

For the appellant there was a brief by *Sullivan, Fitzpatrick & Sullivan,* attorneys, and *Eugene J. Sullivan, Dennis M. Sullivan,* and *James A. Fitzpatrick* of counsel, all of Milwaukee, and oral argument by *Mr. Fitzpatrick* and *Mr. Dennis M. Sullivan.*

*Ben G. Slater* of Milwaukee, for the respondent.

ROSENBERRY, C. J.   The court found as a fact "that the plaintiff, who was the mother of the minor child of the parties

hereto, to wit: Barbara, age nine, is a satisfactory and proper person to raise her said minor child and can provide said child with proper motherly care and suitable housing, educational and recreational facilities in her, the said minor's, daily life, and that it is and will be to and for the best interest and welfare of said minor child, Barbara Templeton, to be raised by and in the custody of her said mother, the plaintiff herein."

The principal contention of the father is that the best interests of the child demand a change of custody because the plaintiff, after her divorce from the defendant, lived with her present husband as man and wife before a year had elapsed from the date of the divorce and before they could be legally married, and that Barbara during said period was in the custody and care of her mother, and for that reason the mother is no longer a fit person to have the custody of Barbara.

Nothing can be said in defense of the conduct of the plaintiff. However, as stated in the brief of the defendant, the controlling consideration in all custody matters is the welfare of the child.

It appears that the defendant has remarried and now lives in Jackson, Michigan, with his parents. His present wife is twenty-three years of age and this is her first marriage. The defendant travels in all parts of the United States as a salesman and is gone from home from one to three weeks.

*Elies v. Elies* (1941), 239 Wis. 60, 300 N. W. 493, is a case very similar to the present one. There the divorced mother remarried in Iowa within the year. Under the law that marriage was void, and the facts are almost identical so far as the law is concerned. In that case it was held that the fact that the divorced mother remarried in Iowa within one year from the entry of judgment of divorce in Wisconsin would not support an inference that she was unfit to have the custody of her child, where the marriage in Iowa within the year was entered into only after the contracting parties had become *bona fide* residents of Iowa and after advice of counsel

that such marriage would be valid, and where another marriage ceremony was performed after a year from the entry of the judgment of divorce. In that case the custody of the child was awarded to the father and on appeal the order was reversed with directions to the trial court to deny the motion of the defendant for change of custody and make such order for visitation of the child as the court might deem suitable. We are unable to find any evidence in this record that the mother has in any way neglected her child or failed in her duty to her, and for the reasons stated in the *Elies Case,* which the trial court followed, it is considered that the order appealed from is right and should be affirmed.

*By the Court.*—Order affirmed.